**GORDON, Plaintiff-Appellee, v. PARELLA et, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3826.   Decided March 26, 1956.

Mark E. Dilley, Youngstown, for plaintiff-appellee.
Thomas L. Corroto, Eugene Green, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

Plaintiff, T. Roy Gordon, Inc., sued defendants, Robert Parella and Rudy Parella, doing business as Parella Concrete Construction Company, in the Municipal Court of Youngstown, to recover $448.10 for labor and material furnished defendants in the repair of a Ford automobile truck, on which it is alleged it had an Artisan's lien, and which likewise it alleged defendants fraudulently removed from plaintiff's place of business where the work was done and the labor furnished.

Plaintiff's attachment filed a few days subsequent to the date plaintiff's petition was filed on a printed form of the Municipal Court of Youngstown, designed to cover various fact situations, as pertinent provided in the typewritten portion thereof "that said defendant is justly indebted to said plaintiff in the sum of $448.00, with interest thereon from August 9, 1955, for labor and materials." The unstricken printed portion of the attachment form stated "that the said defendant * * * has property and rights of action which he conceals * * * and that said claim is for manual work, or labor" (sic).

The trial judge overruled defendant's motion to discharge the attachment, which was bottomed on the ground that the bulk of the amount sued for was the balance due to plaintiff on the trucks sold by plaintiff to defendant.

Defendants appealed to this court on questions of law from the ruling of the trial court on the urged grounds that the trial judge erred in overruling the defendants' motion to discharge the attachment.

By brief plaintiff's counsel stated that prior to the filing of its action in the Municipal Court the plaintiff held a truck owned by defendants on which it had an Artisan's lien, and because defendants refused to pay their indebtedness to plaintiff that plaintiff refused to release such truck; that defendants went to plaintiff's place of business, and that while one defendant engaged plaintiff's service manager in conversation the other defendant drove such truck out of and away from plaintiff's place of business without plaintiff's permission and secreted it so securely that it took the police authorities and plaintiff's employees several days to find it, and that when found the action we review and subsequent attachment were filed, the latter allegedly being based on the ground that defendants "has property and rights of action which he conceals and that said claim is for manual work and labor."

By brief defendants state "defendant has been engaged in the contracting business in Youngstown, Ohio, for more than four years. It maintains an established office, has substantial capital assets and physical equipment which at all times have remained within the county."

In their brief defendants state:—

"At the hearing on the motion, it was established that the affidavit

in attachment set forth the ground as 'labor and material' and the pleadings of the plaintiff-appellee show that the bulk of the account was for the balance due under the original contract for the sale of three trucks to the defendant-appellant notwithstanding these facts the court overruled the defendant-appellant's motion to discharge the attachment."

There is no bill of exceptions before us.

In a word defendant's contentions are that "the legislature intended that claims for which attachment can issue on ground that it is for work be confined to claims entirely for work"; that "if the attachment be allowed then the plaintiff-appellee with a nominal sum for labor and a very large amount for material or the balance due under contract would succeed in tying up large amounts of property of the defendant-appellant in endeavoring to enforce a settlement."

Plaintiff argues that defendants did not attack the ground of the attachment "that defendant concealed property," and that in the absence of a bill of exceptions that based upon the pleadings, the trial judge ruled correctly as "it is apparent from the transcript that the plaintiff in his affidavit alleged two grounds for an attachment, one of which must be presumed to be true, because it was not questioned in the defendants-appellants' motion.

It has been held that in order to obtain a review of the action of a trial court either sustaining or overruling various miscellaneous motions a bill of exceptions is necessary because factual matters are involved in the ruling which are not otherwise demonstrable from the record.

"It has been held, in a criminal case, that to bring upon the record grounds for motions in arrest of judgment and the action of the mayor in disposing of such motions, it is not necessary to have a bill of exceptions, as these are matters proper to be regarded and which are shown outside of the bill." 3 O. Jur. (2nd), Page 339, Section 429.

"Notwithstanding that the frequently employed broad generalization—that affidavits filed along with a motion are not part of the record or original papers—is true and supported by authorities, there are certain instances where the generalization is not applicable. In some cases affidavits bearing the file mark of the clerk of the trial court constitute a part of the record in the absence of a bill of exceptions, and it seems clear that the mere filing of certain affidavits with the clerk makes them a part of the record for the intended purpose. The difference in the effect of the filing seems to result from the original purpose of the filing or the subsequent use sought to be made of the affidavits. Thus, where an affidavit serves some other purpose than to prove or disprove an issue of fact, such as an affidavit for publication, an affidavit to secure the issuance of an attachment, or some other process by the clerk, or where it takes the place of a pleading, it is a part of the record for what it purports to be, regardless of the truth of its affirmations." 3 O. Jur. (2nd), Page 288, Section 374.

We conclude that the affidavit is a part of the record in the case submitted to us for review for what it purports to be, and now we turn our attention to the contentions of the parties.

We believe that the basis for the attachment was that the defendants had property rights of action which they concealed from plaintiff.

404

Sec. 2715.01 R. C., provides:—

"In a civil action for the recovery of money, at or after its commencement, the plaintiff may have an attachment against the property of the defendant upon any one of the following grounds: * * *."

By motion to discharge the attachment defendants did not attack the alleged ground "that defendant concealed property." The trial judge refused to hear testimony on this ground of attachment, and in the absence of a bill of exceptions we must assume the finding of the trial judge is correct, as defendants must have known it to be since they did not attack it.

We are not impressed by defendants' quoted contentions, and conclude that based on the record before us the judgment of the trial judge must be and is affirmed hereby.

NICHOLS and GRIFFITH, JJ, concur in judgment.